IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CHRISTIAN CARE CENTER** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-00321-O |
| § | |
| **AMERICAN ALTERNATIVE** § | |
| **INSURANCE CORPORATION,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant American Alternative Insurance Corporation's Motion for Summary Judgment (ECF No. 13), Plaintiff Christian Care Center's Response (ECF No. 23), Defendant's Reply (ECF No. 25), Plaintiff's Opposed Motion for Leave to File Plaintiff's Sur-Reply (ECF No. 29), and Defendant's Response (ECF No. 30). Also before the Court is Plaintiff's Motion to Compel Appraisal and Abate (ECF No. 20). Having considered the parties' briefing and the applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment. Because granting Defendant's Motion for Summary Judgment disposes of all of Plaintiff's claims, the Court **DENIES as moot** Plaintiff's Opposed Motion for Leave to File Plaintiff's Sur-Reply and **DENIES as moot** Plaintiff's Motion to Compel Appraisal and Abate.

I.   **BACKGROUND**[1]

This case presents an insurance coverage dispute between a corporation ("Plaintiff") and its insurer ("Defendant"). On April 27, 2020, Plaintiff's property (the "Property") sustained damage due to a storm (the "Loss Event"). At the time of the Loss Event, the Property was covered

---

[1] The Court's recitation of the facts is taken from the parties' summary judgment briefing, which the parties do not dispute.

under an insurance policy issued by Defendant (the "Policy"). The Policy provided coverage for damages caused by the Loss Event, subject to the terms and conditions of the Policy.

On February 2, 2022, Plaintiff submitted a claim to Defendant for damages the Property allegedly sustained because of the Loss Event. After investigating the claim and the alleged loss, Defendant denied the claim on July 29, 2022.

Plaintiff filed suit on February 18, 2025 in state court.[2] Plaintiff alleged three claims: 1) breach of contract; 2) a violation of Chapter 542 of the Texas Insurance Code requiring prompt payment of claims; and 3) a violation of Chapter 541 of the Texas Insurance Code.[3] Defendant removed the case to federal court and has since moved for summary judgment.[4] The Motion is ripe for review.

## II.   LEGAL STANDARD

A movant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.*

A party seeking summary judgment must inform a court of the basis for its motion and identify those portions of the record which it believes demonstrate the absence of a genuine issue

---

[2] *See* Def.'s Notice of Removal  (Pl.'s Original Pet..) 1, ECF No. 1-5.
[3] *Id.* at 3.
[4] *See* Def.'s Notice of Removal, ECF No. 1; Def.'s Mot. Summ. J., ECF No. 13.

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment must then set forth specific facts showing that there is a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968).

### III.  ANALYSIS

Defendant moves for summary judgment on the basis that all of Plaintiff's claims are time-barred because they fall outside the parties' contractual limitations period.[5] Plaintiff responds that its claims are not time-barred because each is instead subject to a four-year statute of limitations because the contractual limitation period unlawfully reduces the time for individuals to file claims.[6] Further, Plaintiff argues that the contractual limitations period has not run because an individual must either invoke or waive appraisal before filing suit.[7] In reply, Defendant argues that Plaintiff's position on appraisal is self-defeating as Plaintiff filed suit prior to demanding appraisal.[8]

For the reasons explained below, the Court **GRANTS** Defendant's Motion for Summary Judgment as to all of Plaintiff's claims.

#### A.  Applicable Statute of Limitations

Plaintiff argues its breach-of-contract and Texas Insurance Code claims are not time-barred because the contractual limitations period violates provisions of the Texas Insurance Code.[9] Defendant argues that Plaintiff's claims are still time-barred because the contractual limitations period is not unlawful.[10] The Court agrees with Defendant; the accrual date did not change after

---

[5] Def.'s Mot. Summ. J. 1, ECF No. 13.
[6] Pl.'s Resp. Mot. Summ. J. 7, ECF No. 23.
[7] *Id.* at 7.
[8] Def.'s Reply Mot. Summ. J. 8, ECF No. 25.
[9] Pl.'s Resp. Mot. Summ. J. 7, ECF No. 23.
[10] Def.'s Reply Mot. Summ. J. 2–3, ECF No. 25.

Defendant issued its denial letter, reopened the claim for appraisal, and then affirmed its claim denial.

Because this Court is sitting in diversity, Texas law determines the limitations period applicable to each of Plaintiff's claims. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("In diversity cases, of course, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."). As to Plaintiff's breach-of-contract claim, both parties cite to a controlling statute of limitations. Defendant argues that under Texas law, parties may agree to a limitations period by contract, so long as the limitations period is at least two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.070(a). Here, Defendant attaches the contract to show that the parties agreed to a two-year-and-one-day limitations period for Plaintiff's breach-of-contract claim, that accrued on the date of denial of the insurance claim.[11] Plaintiff concedes that "the Policy's contractual limitations period attempted to shorten the time to bring a cause of action to two years and one day from the date the cause of action accrued" but maintains that this is unlawful under Section 16.070(a), requiring this Court to impose the four-year statute of limitations.[12]

In the absence of any law to the contrary, the Court determines that Plaintiff's breach-of-contract claim is subject to the two-year-and-one-day limitations period in the contract. Although "[a]s a general rule, the statute of limitations for a breach of contract action is four years from the day the cause of action accrues[,] . . . [p]arties may contract for a different period of time in which a party may file a breach of contract action." *Spicewood Summit Office Condominiums Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 464 (Tex. App.—Austin 2009, pet. denied). So long as the contract does not create a limitation period "that is shorter than two years", the parties are

---

[11] Def's App. Supp. Mot. Summ. J. 3–146, ECF No. 15.
[12] Pl.'s Resp. Mot. Summ. J. 7, ECF No. 23.

free to contract for any period shorter than the four-year limit. TEX. CIV. PRAC. & REM. CODE ANN. § 16.070(a). In *Spicewood*, the problem with the party's contract was not the two-year limitations period but that the cause of action accrued on the date of *loss* not the date of *denial*. *See* 287 S. W. 3d at 466. This limitations period resulted in an effective shortening of the time to file suit less than the statutory two-year requirement. *See id.* In contrast, when a contractual limitations period defines that the cause of action accrues on the date of *denial*, those which provide for a period of at least two years are valid. *See e.g. Hames v. Safeco Ins. Co. of Indiana*, No. 4:20-CV-01167-P, 2021 WL 5936907 (N.D. Tex. Aug. 6, 2021) (Pittman, J.); *Abedinia v. Lighthouse Prop. Ins. Co.*, No. 12-20-00183-CV, 2021 WL 4898456 (Tex. App.—Tyler Oct. 20, 2021, pet. denied); *Davis v. Homeowners of Am. Ins. Co.*, No. 05-24-00035-CV, 2025 WL 1031926, at *1 (Tex. App.—Dallas Apr. 7, 2025, no pet. ).

Under Texas law, claims for violations of the Chapter 541 of the Texas Insurance Code must be brought within two years after the cause of action accrues. TEX. INS. CODE § 541.162. In contrast, Chapter 542 of the Texas Insurance Code "does not include a limitations provision and is a contract-based remedy in any event" so these claims are "subject to appropriate limitation by the insurance policy." *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 573 (W.D. Tex. 2019). Therefore, Plaintiff's claim alleging unfair insurance practices under Chapter 541 is subject to a two-year statute of limitations while its prompt payment claim under Chapter 542 is subject to the contractual limitations period.

Therefore, it is necessary to establish when Plaintiff's claims accrued. "As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Knott*, 128 S.W.3d at 221. The cause of action generally accrues at this point "regardless of when the plaintiff learns of th[e] injury." *Id*. In a first-

party insurance claim, "[t]he injury producing event is the denial of coverage." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990). To establish that date, a court asks whether an unambiguous denial has been communicated. *Pace v. Travelers Lloyds Tex. Ins. Co.*, 162 S.W.3d 632, 635 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Here, Defendant first denied coverage on July 28, 2022, because the damage was attributed to prior claims from Plaintiff.[13] This denial unambiguously stated that Plaintiff would not receive any insurance payments, thus triggering the accrual date.[14] Accordingly, the Court determines that the accrual date was July 28, 2022, for each of Plaintiff's claims. For the Chapter 541 claim, Plaintiff needed to file suit by July 28, 2024. For the Chapter 542 and breach-of-contract claim, Plaintiff needed to file suit by July 29, 2024. Plaintiff filed this action in state court on February 18, 2025.[15] Because Plaintiff filed its claims over two years and six months after the accrual date, these claims are time-barred. The Court therefore **GRANTS** Defendant's Motion with respect to Plaintiff's breach-of-contract and Texas Insurance Code claims.

### B. Appraisal as Precondition to Suit

Although the above reasoning is sufficient to dispose of this matter, the Court addresses why Plaintiff's argument for a four-year statute of limitations fails. While Plaintiff contends that the Policy "barred any legal action until after compliance with all terms of the Policy" including the parties' invocation or waiver of appraisal, the Court is unpersuaded.[16] The language within the Policy provides "either [party] may make written demand for an appraisal of the loss."[17] Under Texas contract law, "may" is interpreted to be permissive rather than mandatory. *See Baisden v.*

---

[13] Def.'s App. Supp. Mot. Summ. J. Ex. B (Def.'s Denial Letter), App. 147-52, ECF No. 15.
[14] *Id.*
[15] Def.'s Br. Supp. Mot. Summ. J. 1, ECF No. 14.
[16] Pl.'s Resp. Mot. Summ. J. 1, ECF No. 23.
[17] Def.'s App. Supp. Mot. Summ. J. Ex. A (The Policy), App. 78, ECF No. 15

*I'm Ready Productions, Inc.*, 693 F.3d 491, 502 (5th Cir. 2012). The appraisal section of the Policy uses such permissive language regarding appraisal: "if we and you disagree on the amount of loss" and "if there is an appraisal."[18]

If the parties contemplated that the appraisal process was a condition precedent to filing suit, the Court finds it curious that Plaintiff did not invoke appraisal prior to filing the instant suit. In fact, the entire appraisal process is contingent on the individual and the insurance company disagreeing about the amount of loss. If there is no disagreement, this provision of the contract need not be invoked. The Court declines to strain the construction of the provision to require express invocation or waiver of a conditional right prior to filing suit, especially when the provision requires a party—in the event of an appraisal—to comply with the requirement to bring suit within two years and one day of the cause of action accruing.[19]

## IV.  CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment is **GRANTED**. All of Plaintiff's claims are **DISMISSED with prejudice**. Plaintiff's Opposed Motion for Leave to File a Sur-Reply and Motion to Compel Appraisal and Abate are **DENIED as moot**.

**SO ORDERED** on this **6th day** of **October, 2025.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[18] *Id.*
[19] *See id.*